**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

RICHARD LEHAN
3920 Island Landing Court
Broomes Island, MD 20615

and

TAMARA LEHAN,
3920 Island Landing Court
Broomes Island, MD 20615

Case No.: _____

                          Plaintiffs,

v.

DEPUTY SHERIFF RICHARD S. WILSON
Individually and in his Official Capacity as a
Calvert County Deputy Sheriff
30 Church Street
Prince Frederick, MD 20678

and

CALVERT COUNTY BOARD OF COUNTY
COMMISSIONERS

Serve on:
John Norris
County Attorney
County Attorney's Office
175 Main Street
Prince Frederick, MD 20678

and

STATE OF MARYLAND
80 Calvert Street
Annapolis, Maryland 21401

1

Serve on:
The Honorable Nancy Kopp
State of Maryland Treasurer's Office
80 Calvert Street
Annapolis, Maryland 21401

and

A&A Gaming, LLC
3725 Harbor Road
Chesapeake Beach, Maryland 20732

Serve on:
Robert F. Abner
7702 Deforest Drive
Chesapeake Beach, Maryland 20732

DEFENDANTS.

## COMPLAINT AND JURY DEMAND

COME NOW, Plaintiffs Richard Lehan and Tamara Lehan, by and through undersigned counsel, and file this Complaint and sue Defendants Deputy Sheriff Richard S. Wilson, Calvert County Board of County Commissioners, the State of Maryland, and A&A Gaming, LLC, and in support thereof states as follows:

## INTRODUCTION

This lawsuit arises from the unlawful excessive force of Corporal Richard Wilson of the Calvert County Sheriff's Office against Plaintiff Richard Lehan and Corporal Wilson's unlawful arrest of both Mr. Lehan and his wife, Plaintiff Tamara Lehan.

On March 23, 2019, Mr. and Ms. Lehan were enjoying an evening with family at Abner's Crabhouse, one of their favorite restaurants and bars. They were not being disruptive or engaging in any behavior out of the ordinary for a Saturday night at a popular bar. Despite this, Corporal

2

Wilson, who was hired by A&A Gaming, LLC—an affiliate of Abner's Crabhouse—to work security at the restaurant that evening, asked the Lehans to leave the bar.

Though there was no basis for Corporal Wilson asking them to leave, the Lehans began the process of closing out their tab with a bartender. While they were waiting, Deputy Wilson continued to harass them. Then, without warning, Corporal Wilson lunged at Mr. Lehan, punched him in the face, tackled him to the ground, and continued to punch his face and upper body. Mr. Lehan and Ms. Lehan were both arrested and charged with second degree assault of a law enforcement officer, disorderly conduct, failure to obey, and resisting or interfering with an arrest. Following a bench trial in District Court for Calvert County, the Lehans were found not guilty of all of the charges.

The Calvert County Sheriff's Office has a longstanding history of failing to properly hire, train, supervise, and discipline its personnel, particularly with respect to incidents involving the use of excessive force. Corporal Wilson has a history of using excessive force and unlawfully arresting citizens of Calvert County that was known to the Calvert County Sheriff's Office. At least one of these violent assaults upon citizens was captured on body camera. Further, A&A Gaming failed to properly screen, train, and supervise its employees, including Corporal Wilson, which resulted in the assault of Mr. Lehan and the unlawful arrest of the Lehans.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this Complaint states federal causes of action.

2.      Pursuant to 28 U.S.C. § 1391(b), venue in this Court is proper. All material events occurred in Calvert County, Maryland.

3

## NOTICE

3.      On October 14, 2019, timely notice was provided to Honorable Nancy K. Kopp, State Treasurer and the Calvert County Board of County Commissioners to comply with the Maryland Torts Claims Act and the Local Government Tort Claims Act.

## PARTIES

3.      Plaintiff Richard Kevin Lehan is an adult resident of the State of Maryland, residing therein at 3920 Island Landing Court, Broomes Island, Maryland 20615. Until his retirement, Mr. Lehan was a Lieutenant with the D.C. Fire Department and served with that department for over thirty years.

4.      Plaintiff Tamara Wood Lehan is an adult resident of the State of Maryland, residing therein at 3920 Island Landing Court, Broomes Island, Maryland 20615.

5. Defendant Corporal Richard S. Wilson (#3614) is an employee of the Calvert County Sheriff's Office and a part-time employee of A&A Gaming at Abner's Crabhouse. Defendant Wilson, at all relevant times, was performing duties and functions for the State of Maryland, the Calvert County Board of Commissioners, and A&A Gaming. Plaintiffs sue Defendant Wilson in his official and individual capacity.

6.      Calvert County is a municipal corporation organized under Art. XI of the Maryland Constitution. Defendant Board of Commissioners is a public body organized under Md. Code, Art. 25, and it is comprised of five individuals elected to at-large, four-year terms and governs Calvert County, Maryland. The Calvert County Sheriff's Office ("CCSO") constitutes the primary law enforcement agency of Calvert County. The CCSO is located at 30 Church Street, Prince Frederick, Maryland 20678.

7.    At all relevant times, Defendant Corporal Wilson acted in his individual capacity and in his official capacity as dual agents of both Defendant Calvert County and Defendant State of Maryland.

8.    In addition to Wilson serving as a dual agent, the County is a proper defendant here and has a statutory obligation under Md. Code, § 9-108 of the State Finance and Procurement Article to insure, defend, and indemnify for torts committed by a Sheriff's Deputy such as Wilson when he purported to perform a law enforcement function.

9.    A&A Gaming, LLC ("A&A Gaming") is a limited liability company in good standing in Maryland with its principal place of business located at 3725 Harbor Road, Chesapeake Beach, Maryland 20732. A&A Gaming operates pull tab machines and other games within Abner's Crabhouse ("Abner's"), which is located at 3748 Harbor Road, Chesapeake Beach, Maryland 20732. A&A Gaming employed Deputy Wilson part time to work at Abner's. At all times mentioned, Wilson was also acting in the scope of his employment as an agent, servant and employee of A&A Gaming, LLC, as well as the State of Maryland and the Calvert County Commissioners.

## FACTUAL BACKGROUND

10.    On March 23, 2019, Plaintiffs Richard and Tamara Lehan were enjoying a dinner out at a restaurant in Solomons Island. As they were finishing dinner, they received a call from Mr. Lehan's adult son inviting them to Abner's Crabhouse for a drink and to play slots.

11.    Abner's is a popular restaurant and bar in Chesapeake Beach, owned and operated by A & A Gaming. Part of Abner's appeal is that it offers slot machines and other gaming machines through A&A Gaming. Mr. and Ms. Lehan had been going to Abner's for over four years and were familiar to waiters and bartenders there.

12.     On the evening of March 23, A&A Gaming was holding a raffle in relation to one of its video bingo machines at Abner's. The cash prize was $10,000. As a result of the raffle, the bar was even busier than a usual Saturday night. The parking lot was full for most of the night and the bar was crowded.

13.     Mr. and Ms. Lehan arrived at Abner's between 9:15 and 9:30 p.m. They found Mr. Lehan's son and joined him at the bar. Mr. and Ms. Lehan ordered drinks and stayed near the bar, talking, laughing, and dancing with their family. Their conduct was nothing unusual for a Saturday night at a bar.

14.     Standing behind Mr. and Ms. Lehan was Defendant Corporal Wilson. Corporal Wilson is a member of the Calvert County Sheriff's Office. He has worked for several years as a part time employee of A&A Gaming at Abner's, providing security services in the bar as needed, such as when there was an event like a raffle. On the evening of March 23, Corporal Wilson was on duty for A&A Gaming while also maintaining his full law enforcement authority. Corporal Wilson was wearing a Calvert County Sheriff's Office uniform.

15.     At one point, about an hour after they arrived, Mr. Lehan turned from a nearby table to walk back to the bar and inadvertently bumped into another patron. That patron then bumped into Corporal Wilson. When Mr. Lehan rejoined his family at the bar, he leaned over his shoulder and apologized to Corporal Wilson for bumping into him. Corporal Wilson did not respond and instead just stared at Mr. Lehan.

16.     Shortly after, a male patron walking through the bar bumped into the same female patron that Mr. Lehan had inadvertently bumped into. Corporal Wilson did not say anything to that male patron.

17.     Though Mr. Lehan was not engaged in any disruptive or unusual conduct, Corporal Wilson told Mr. Lehan that he was cutting him off from ordering any more drinks at the bar and told Mr. Lehan and his wife to leave. Mr. Lehan asked him if he was a rookie because he had not previously seen Corporal Wilson at Abner's and was familiar with the other law enforcement officer who worked there.

18.     Frustrated by how Corporal Wilson was treating him, Mr. Lehan signaled across the bar for Detective Michael Mudd to join them so he could ask Detective Mudd why Corporal Wilson was harassing them.

19.     Detective Mudd is an employee of the Calvert County Sheriff's Office Criminal Investigation Bureau who also had been working part time for years at Abner's. Detective Mudd was working for A&A Gaming at Abner's that evening to handle crowd control given the large raffle. Detective Mudd was acquainted with the Lehans because they would have friendly conversations over the years when the Lehans would visit Abner's. Detective Mudd has described the Lehans as "good people" who are polite and friendly.

20.     When Detective Mudd walked over to the other side of the bar to inquire what was going on, Corporal Wilson told Detective Mudd that he had asked the Lehans to leave. Detective Mudd spoke to the Lehans and told them that, even though they had not been doing anything wrong, they should just listen to Corporal Wilson and leave. Detective Mudd briefly spoke to Corporal Wilson before returning to the other side of the bar near the gaming machines.

21.     Mr. Lehan and Ms. Lehan went back to the bar and prepared to leave, requesting the check from the bartender in an effort to comply with Detective Mudd and Corporal Wilson's requests that they leave the bar. Detective Mudd observed Mr. Lehan giving his credit card to the

bartender to pay his tab but that, given the large crowd at the bar, it was taking some time for the bartenders to close out his tab.

22.     Corporal Wilson continued to stand behind Mr. Lehan and Ms. Lehan while they waited to close out their tab.

23.     For no reason, Corporal Wilson requested that Detective Mudd return to that area of the bar after claiming that Mr. Lehan was cursing.

24.     Detective Mudd checked with Mr. Lehan as to the status of paying and observed that the bartender had still not returned. Corporal Wilson was still hovering right behind them watching Mr. Lehan, who made a comment to Corporal Wilson that he was "acting like an asshole" and did not understand what Corporal Wilson's problem appeared to be with him, when Mr. Lehan was following his direction to leave.

25.     The bartender then returned with Mr. Lehan's credit card.  While Mr. Lehan was talking to Detective Mudd as he was preparing to leave, without warning or provocation, Corporal Wilson lunged forward towards Mr. Lehan, pushed past Detective Mudd, and grabbed Mr. Lehan. Mr. Lehan was also being pulled in multiple directions by other bar patrons, including Mr. Lehan's son who was looking to protect his father. Corporal Wilson began punching Mr. Lehan repeatedly in the face. Mr. Lehan never punched Corporal Wilson, but instead he put his hands up.

26.     Corporal Wilson pushed Mr. Lehan to the ground, where he continued to punch him in the face and upper body. Mr. Lehan blacked out as a result. As a result of Corporal Wilson punching and pummeling him, Mr. Lehan immediately began bleeding from the mouth and suffered a black eye, deviated septum, a swollen lip, injured wrists, and a torn bicep.

27.     While Corporal Wilson was assaulting her husband, Ms. Lehan made efforts to stop Corporal Wilson by trying to separate the two men.

28.     Detective Mudd pulled Mr. Lehan up from the ground and walked with him out of Abner's. Mr. Lehan was handcuffed. Corporal Wilson handcuffed Ms. Lehan while she was in the bar. Corporal Wilson escorted her out of Abner's. Corporal Wilson placed both Mr. Lehan and Ms. Lehan under arrest. Mr. and Ms. Lehan were both placed in sheriff's vehicles. They were transported to the Calvert County Detention Center, where they were searched, fingerprinted, and booked. They were forced to stay overnight in the Detention Center. They were not released until the following day after having to appear before a commissioner.

29.     Mr. Lehan and Ms. Lehan were both charged with second degree assault of a law enforcement officer, disorderly conduct, failure to obey, and resisting or interfering with an arrest. Mr. and Mrs. Lehan did not commit any of these crimes, which was obvious to all those present at the time and obvious from film of the incident.

30.     Following their arrests, the Lehans filed an internal affairs complaint with the Calvert County Sheriff's Office as to the unlawful conduct of Corporal Wilson.

31.     A bench trial was held for both Mr. Lehan and Ms. Lehan in the District Court for Calvert County on July 24, 2019. *See State v. Tamara Wood Lehan*, Case No. D-041-CR-19-000636; *State v. Richard Kevin Lehan*, Case No. D-041-CR-19-000637. Corporal Wilson, Detective Mudd, and Mr. Lehan testified at trial.  The Court advised Corporal Wilson of his Fifth Amendment right to remain silent.

32.     Corporal Wilson testified that no one at Abner's had complained to him about the Lehans. There was no crowd gathering around the Lehans, they were not being disruptive, and everyone was minding their own business. Corporal Wilson testified that his procedure in the

past where individuals had been asked to leave was to allow them to pay their tab before escorting them out.

33.     At trial, Corporal Wilson testified that he delivered more than one blow to Mr. Lehan while they were standing. He further testified he delivered more than one blow to Mr. Lehan while Mr. Lehan was on the ground. Corporal Wilson acknowledged that he himself did not sustain any injuries nor did he require any medical attention.

34.     Corporal Wilson testified that he was suspended from the Calvert County Sheriff's Office at the time of trial due to an internal investigation.

35.     Detective Mudd testified at the trial that he knew that the Lehans were in the process of paying their bill and that Mr. Lehan's behavior was not out of line for Abner's. Detective Mudd testified that there was nothing that drew his attention to Mr. Lehan in the bar. He testified that he did not see Mr. Lehan deliver any punches or attempt to punch anyone and that it was Corporal Wilson who appeared agitated, excited, and upset.

36.     Mr. Lehan and Ms. Lehan were both found not guilty as to all charges.

37.     There was no probable cause to arrest and charge Mr. Lehan and Ms. Lehan. The Lehans were not engaging in any conduct at Abner's that was unlawful or out of the ordinary. They were not causing a disruption nor were they causing a crowd to gather. Detective Mudd testified at trial that the Lehans were not acting differently than any other patrons in the bar that night.

38.     Corporal Wilson used excessive force in repeatedly punching Mr. Lehan in the face. Merely being called a rookie is not an excuse for a law enforcement officer to assault a citizen.

39.     Mr. Lehan and Ms. Lehan were following Corporal Wilson's order to leave the bar. They were waiting for the bartender to close out their tab at the time that Corporal Wilson attacked Mr. Lehan.

40.     As a result of being assaulted, falsely arrested, and maliciously prosecuted, the Lehans have suffered actual damages, embarrassment, humiliation, and emotional damages.

41.     As a result of the assault, Mr. Lehan suffered a deviated septum, swollen lip, injured wrists, and torn bicep. Mr. Lehan suffered and continues to suffer severe headaches several times a day, memory loss, sleep disruption, and significant neurological issues, including post-concussion syndrome, as a result of Corporal Wilson assaulting him.

42.     As a result of the unlawful arrest, Mr. Lehan's employer initiated an investigation and proposed a suspension against him related to the wrongful arrest. Mr. Lehan was forced to retire as a result, though he had intended to continue working for several more years.

43.     As a result of Corporal Wilson's conduct, including her false arrest and malicious prosecution, Ms. Lehan has damages including, but not limited to, emotional harm and distress, humiliation, embarrassment, mental pain and suffering, fright, and anxiety.

44.     Corporal Wilson has a history of using excessive force. Prior to his encounter with the Lehans, Defendants had actual knowledge that Corporal Wilson had a demonstrated propensity to use unlawful and excessive force.

45.     On September 2, 2018, Corporal Wilson pulled over another Calvert County resident, John Alvarado. When Mr. Alvarado declined to take a breathalyzer, another deputy sheriff handcuffed Mr. Alvarado's hands behind him back, placed him under arrest, and walked him towards his patrol vehicle.

11

46.     Without provocation, warning, or cause, Corporal Wilson grabbed Mr. Alvarado by the head, smashed his head against the side of the patrol car, and shoved him in the backseat of the patrol vehicle. While Mr. Alvarado was handcuffed in the backseat, Corporal Wilson punched him three to five times in the face. The other deputy sheriff had to tell Corporal Wilson "that's enough" and physically pull him back for Corporal Wilson to stop the assault.

47.     Corporal Wilson's use of force against Mr. Alvarado was unconstitutional.

48.     On April 2, 2019, the Calvert County Sheriff's Office sent Mr. Alvarado a letter stating that, absent the complaint that Mr. Alvarado had made about Corporal Wilson's conduct, the CCSO investigated the incident shortly after it occurred, including review of the body camera footage. The CCSO stated that as a result of the investigation and evidence, Corporal Wilson was mandated to attend de-escalation training. Corporal Wilson should have instead been immediately been taken off the force following his assault of Mr. Alvarado.

49.     The CCSO was therefore well aware of Corporal Wilson's history of excessive force.

50.     During the assault of Mr. Lehan, Corporal Wilson was not wearing a body camera. The policy to have body camera on officers doing part-time work was not put in to place until a few weeks later.

**COUNT I**
**Unlawful Pattern and Practice – 42 U.S.C. § 1983**
**Excessive Force**
**(Plaintiff Richard Lehan v. Defendants Calvert County and**
**Wilson in his Official Capacity)**

51.     Plaintiff Richard Lehan hereby adopts and incorporates by reference all the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

52.     This cause of action is to redress the deprivation under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to the Plaintiffs by the Fourth and Fourteenth Amendments to the United States Constitution.

53.     Defendant Corporal Wilson's conduct, including the deprivation of constitutional rights and the use of excessive force, represents not a single isolated, or accidental, or peculiar event, but occurred in the regular procedures followed by Calvert County sheriffs and constitutes a pattern or practice of such conduct.

54.     Prior to the date of this incident, Defendant Calvert County permitted and tolerated a pattern and practice of unjustified, unreasonable, illegal excessive force and brutality.

55.     This is not the first time Defendant Wilson has used excessive force in dealing with members of the community. As just one example, in September 2018, Corporal Wilson pulled over another Calvert County resident, John Alvarado. Without provocation, warning, or cause, Corporal Wilson grabbed Mr. Alvarado by the head, smashed his head against the side of the patrol car, and shoved him in the backseat of the patrol vehicle. While Mr. Alvarado was handcuffed in the backseat, Corporal Wilson punched him three to five times in the face. The other deputy sheriff had to tell Corporal Wilson "that's enough" and physically pull him back for Corporal Wilson to stop the assault.

56.     Moreover, Defendant Calvert County has failed to properly train, prosecute, supervise, and discipline its deputy sheriffs, including, but not limited to, Defendant Wilson, in the proper constitutional use of force.

57.     The failure to properly train, prosecute, supervise, and discipline its officers demonstrates a gross disregard for the constitutional rights of the public and was a proximate cause of the Plaintiff Richard Lehan's rights being violated and injuries.

58.     Calvert County's actions demonstrated a deliberate indifference and/or tacit approval of the use of excessive force by employees of the Sheriff's Office.

59.     Calvert County failed and refused to take even elementary steps to protect citizens from the type of abuses detailed above.

60.     The policies and customs of the Calvert County Sheriff's Office, as set forth herein, demonstrate a gross disregard for the constitutional and other rights of the public and Richard Lehan. At the time of the occurrence alleged in this Complaint, Deputy Wilson was operating under unconstitutional customs, policies, and procedures. These customs, policies, and procedures were a proximate cause of Mr. Lehan's injuries.

61.     As a proximate result of the aforesaid acts, omissions, systemic flaws, policies, and customs of Calvert County, Defendant Wilson deprived the Plaintiff Richard Lehan of his rights under the Fourth and Fourteenth Amendments of the United States Constitution.

62.     As a direct and proximate result, Mr. Lehan suffered physical damages, to include deviated septum, severe headaches, memory loss, a swollen lip, injured wrists, a torn bicep, and significant neurological issues, including post-concussion syndrome, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

WHEREFORE, Plaintiff Richard Lehan demands the following relief: (a) judgment against Defendants Calvert County and Corporal Richard Wilson in his official capacity in an amount exceeding seventy-five thousand dollars ($75,000), plus interest; (b) the costs of this action; (c) in addition to any and all monetary damages available, Plaintiff seeks equitable preliminary and permanent injunctive relief to, *inter alia*, compel the County to (i) institute a meaningful, transparent and timely public process to review citizen complaints of excessive use

14

of force, (ii) institute a formal, meaningful, transparent and timely process to investigate complaints of excessive force, (iii) monitor law enforcement officers accused of using excessive force, and (iv) institute a formal, transparent, public and swift discipline, retraining, reporting and monitoring structure for deputies who are found to have used excessive force; (d) attorney's fees; (e) punitive damages in an amount to be determined at trial; and (f) such further relief as this Honorable Court deems just and proper under the circumstances.

**COUNT II**
**Unlawful Pattern and Practice – 42 U.S.C. § 1983**
**Unlawful Seizure**
**(Plaintiffs v. Defendants Calvert County and**
**Wilson in his Official Capacity)**

63.    Plaintiffs Richard Lehan and Tamara Lehan hereby adopt and incorporate by reference all the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

64.    This cause of action is to redress the deprivation under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to the Plaintiffs by the Fourth and Fourteenth Amendments to the United States Constitution.

65.    Defendant Corporal Wilson's conduct, including the deprivation of constitutional rights and unlawful seizure, represents not a single isolated, or accidental, or peculiar event, but occurred in the regular procedures followed by Calvert County sheriffs and constitutes a pattern or practice of such conduct.

66.    Prior to the date of this incident, Defendant Calvert County permitted and tolerated a pattern and practice of unjustified, unreasonable, and unlawful arrests and seizures.

15

67.    Moreover, Defendant Calvert County has failed to properly train, prosecute, supervise, and discipline its deputy sheriffs, including, but not limited to, Defendant Wilson, in the proper constitutional seizures.

68.    The failure to properly train, prosecute, supervise, and discipline its officers demonstrates a gross disregard for the constitutional rights of the public and was a proximate cause of the Plaintiffs' rights being violated and injuries.

69.    Corporal Wilson unlawfully seized and arrested Mr. and Ms. Lehan. The Lehans were handcuffed, placed in patrol cars, and transported to the Calvert County Detention Center, where they were searched, fingerprinted, and booked. The Lehans were forced to spend the night in the Detention Center. The Lehans were both charged with second degree assault of a law enforcement officer, disorderly conduct, failure to obey, and resisting or interfering with an arrest. Mr. Lehan and Ms. Lehan were both found not guilty as to all charges.

70.    There was no probable cause to arrest and charge Mr. Lehan and Ms. Lehan. The Lehans were not engaging in any conduct at Abner's that was unlawful or out of the ordinary. They were not causing a disruption nor were they causing a crowd to gather.

71.    Calvert County's actions demonstrated a deliberate indifference and/or tacit approval of unlawful seizures by employees of the Sheriff's Office.

72.    Calvert County failed and refused to take even elementary steps to protect citizens from the type of abuses detailed above.

73.    The policies and customs of the Calvert County Sheriff's Office, as set forth herein, demonstrate a gross disregard for the constitutional and other rights of the public and the Lehans. At the time of the occurrence alleged in this Complaint, Deputy Wilson was operating

16

under unconstitutional customs, policies, and procedures. These customs, policies, and procedures were a proximate cause of the Lehans' injuries.

74.     As a proximate result of the aforesaid acts, omissions, systemic flaws, policies, and customs of Calvert County, Defendant Wilson deprived the Plaintiffs of their rights under the Fourth and Fourteenth Amendments of the United States Constitution.

75.     As a direct and proximate result, Mr. Lehan suffered physical damages, to include deviated septum, severe headaches, memory loss, a swollen lip, injured wrists, a torn bicep, and significant neurological issues, including post-concussion syndrome, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

76.     Ms. Lehan consciously experienced pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and other emotional injuries, all to her detriment.

WHEREFORE, Plaintiffs Richard and Tamara Lehan demand the following relief: (a) judgment against Defendants Calvert County and Corporal Richard Wilson in his official capacity in an amount exceeding seventy-five thousand dollars ($75,000), plus interest; (b) the costs of this action; (c) in addition to any and all monetary damages available, Plaintiffs seek equitable preliminary and permanent injunctive relief to, *inter alia*, compel the County to (i) institute a meaningful, transparent and timely public process to review citizen complaints of excessive use of force, (ii) institute a formal, meaningful, transparent and timely process to investigate complaints of excessive force, (iii) monitor law enforcement officers accused of using excessive force, and (iv) institute a formal, transparent, public and swift discipline, retraining, reporting and monitoring structure for officers who are found to have used excessive

force; (d) attorney's fees; (e) punitive damages in an amount to be determined at trial; and (f) such further relief as this Honorable Court deems just and proper under the circumstances.

**COUNT III**
**Violation of 42 U.S.C. § 1983 - Excessive Force**
**(Plaintiff Richard Lehan v. Defendant Wilson in his Individual Capacity)**

77.   Plaintiff Richard Lehan hereby adopt and incorporate by reference all the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

78.   This cause of action is to redress the deprivation under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to the Plaintiffs by the Fourth and Fourteenth Amendment to the United States Constitution.

79.   Defendant Wilson, at all relevant times to this complaint, worked as a law enforcement officer with the Calvert County Sheriff's Office.

80.   Based on the allegations above, Wilson, acting in his individual capacity, acted under color of State law and deprived Plaintiff Richard Lehan of his clearly established rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution, said rights including, but not limited to the right to be free from excessive force and freedom from the abuse of power by law enforcement.

81.   Defendant Wilson deprived Mr. Lehan of these liberties and rights when he repeatedly punched Mr. Lehan in the face, tackled him to the ground, and continued to punch his face and upper body as Mr. Lehan was in the process of closing out his tab and leaving Abner's.

82.   As a direct and proximate result, Mr. Lehan suffered physical damages, to include deviated septum, severe headaches, memory loss, a swollen lip, injured wrists, a torn bicep, and significant neurological issues, including post-concussion syndrome, and emotional damages, to

18

include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

WHEREFORE, Plaintiff Richard Lehan demands the following relief: (a) judgment against Defendant Corporal Richard Wilson in an amount exceeding seventy-five thousand dollars ($75,000), plus interest; (b) the costs of this action; (c) in addition to any and all monetary damages available, Plaintiff seeks equitable preliminary and permanent injunctive relief to, *inter alia*, compel the County to (i) institute a meaningful, transparent and timely public process to review citizen complaints of excessive use of force, (ii) institute a formal, meaningful, transparent and timely process to investigate complaints of excessive force, (iii) monitor law enforcement officers accused of using excessive force, and (iv) institute a formal, transparent, public and swift discipline, retraining, reporting and monitoring structure for officers who are found to have used excessive force; (d) attorney's fees; (e) punitive damages in an amount to be determined at trial; and (f) such further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT IV
### Violation of 42 U.S.C. § 1983 - Unlawful Seizure
### (Plaintiffs v. Defendant Wilson in his Individual Capacity)

83.    Plaintiffs Richard Lehan and Tamara Lehan hereby adopt and incorporate by reference all the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

84.    This cause of action is to redress the deprivation under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to the Plaintiffs by the Fourth and Fourteenth Amendments to the United States Constitution.

19

85.     Defendant Wilson, at all relevant times to this complaint, worked as a law enforcement officer with the Calvert County Sheriff's Office.

86.     Based on the allegations above, Wilson, acting in his individual capacity, acted under color of State law and deprived Plaintiffs of their clearly established rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution, said rights including, but not limited to the right to be free from unreasonable seizures; freedom to be secure in one's person from unreasonable seizures; freedom from deprivation of liberty without due process of law; and freedom from the abuse of power by the police.

87.     Defendant Wilson deprived Plaintiffs of these liberties and rights when he unlawfully arrested the Lehans when the Lehans were in the process of leaving the bar and had not engaged in any unlawful conduct.

88.     The Lehans were handcuffed, placed in patrol cars, and transported to the Calvert County Detention Center, where they were searched, fingerprinted, and booked. The Lehans were forced to spend the night in the Detention Center. The Lehans were both charged with second degree assault of a law enforcement officer, disorderly conduct, failure to obey, and resisting or interfering with an arrest. Mr. Lehan and Ms. Lehan were both found not guilty as to all charges.

89.     As a direct and proximate result, Mr. Lehan suffered physical damages, to include deviated septum, severe headaches, memory loss, a swollen lip, injured wrists, a torn bicep, and significant neurological issues, including post-concussion syndrome, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

90.     Ms. Lehan consciously experienced pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and other emotional injuries, all to her detriment.

WHEREFORE, Plaintiffs Richard and Tamara Lehan demand the following relief: (a) judgment against Defendant Corporal Richard Wilson in his individual capacity in an amount exceeding seventy-five thousand dollars ($75,000), plus interest; (b) the costs of this action; (c) in addition to any and all monetary damages available, Plaintiffs seek equitable preliminary and permanent injunctive relief to, *inter alia*, compel the County to (i) institute a meaningful, transparent and timely public process to review citizen complaints of excessive use of force, (ii) institute a formal, meaningful, transparent and timely process to investigate complaints of excessive force, (iii) monitor law enforcement officers accused of using excessive force, and (iv) institute a formal, transparent, public and swift discipline, retraining, reporting and monitoring structure for officers who are found to have used excessive force; (d) attorney's fees; (e) punitive damages in an amount to be determined at trial; and (f) such further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT V
### Battery
### (Plaintiff Richard Lehan v. All Defendants)

91.     Plaintiff Richard Lehan hereby adopts and incorporates by reference all the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

92.     Defendant Wilson intentionally touched Mr. Lehan in a harmful and offensive manner. Specifically, Defendant Wilson repeatedly punched Mr. Lehan in the face, pushed him to the ground, and continued to punch him in the face and upper body.

21

93.     Mr. Lehan did not give Defendant Wilson permission to touch him in that or any manner.

94.     Defendant Wilson's actions were undertaken deliberately, with ill-will and actual malice. There was no legal justification for Defendant Wilson's battery.

95.     As a direct and proximate result of Defendant battery, Mr. Lehan suffered physical damages, to include deviated septum, severe headaches, memory loss, a swollen lip, injured wrists, a torn bicep, and significant neurological issues, including post-concussion syndrome, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

96.     In doing the foregoing acts, Defendant Wilson was acting in his official capacity as a Calvert County Deputy Sheriff and, simultaneously, acting within the scope of his employment with A&A Gaming.

97.     As a result, Calvert County, the State of Maryland, and A&A Gaming are vicariously liable because Defendant Wilson was acting within the scope of his employment.

WHEREFORE, Plaintiff Richard Lehan demands the following relief: (a) judgment against Defendants Corporal Wilson, Calvert County, State of Maryland, and A&A Gaming in an amount exceeding seventy-five thousand dollars ($75,000), plus interest; (b) the costs of this action; (c) in addition to any and all monetary damages available, Plaintiff seeks equitable preliminary and permanent injunctive relief to, *inter alia*, compel Calvert County and the State to (i) institute a meaningful, transparent and timely public process to review citizen complaints of excessive use of force, (ii) institute a formal, meaningful, transparent and timely process to investigate complaints of excessive force, (iii) monitor law enforcement officers accused of

22

using excessive force, and (iv) institute a formal, transparent, public and swift discipline, retraining, reporting and monitoring structure for officers who are found to have used excessive force; (d) attorney's fees; (e) punitive damages in an amount to be determined at trial; and (f) such further relief as this Honorable Court deems just and proper under the circumstances.

**COUNT VI**
**False Arrest**
**(Plaintiffs v. All Defendants)**

98.    Plaintiffs Richard and Tamara Lehan hereby adopt and incorporate by reference all the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

99.    Defendant Wilson falsely arrested Plaintiffs for criminal acts that Plaintiffs did not commit and for which there was no probable cause to believe that they had committed.

100.    Defendant Wilson, who had no rational reason to believe that Mr. Lehan or Ms. Lehan had committed an offense, unlawfully arrested them. Subsequently, both Mr. Lehan and Ms. Lehan were handcuffed and taken to Calvert County Detention Center where they spent the night and awaited arraignment.

101.    Defendant Wilson arrested and criminally charged Plaintiffs out of ill-will, actual malice, and for the improper purpose of bolstering Defendant Wilson's version of the events.

102.    Mr. Lehan and Ms. Lehan were both charged with second degree assault, disorderly conduct, failure to obey, and resisting or interfering with an arrest as a result of the March 23, 2019 interaction.

103.    Following trials on July 24, 2019, Mr. Lehan and Ms. Lehan were both found not guilty as to all charges. *State v. Tamara Wood Lehan*, Case No. D-041-CR-19-000636; *State v. Richard Kevin Lehan*, Case No. D-041-CR-19-000637.

104. The court determined there was no probable cause to arrest and charge Mr. Lehan and Ms. Lehan.

105. As a direct and proximate result, Mr. Lehan suffered physical damages, to include deviated septum, severe headaches, memory loss, a swollen lip, injured wrists, a torn bicep, and significant neurological issues, including post-concussion syndrome, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

106. Ms. Lehan consciously experienced pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and other emotional injuries, all to her detriment.

WHEREFORE, Plaintiffs Richard and Tamara Lehan demand the following relief: (a) judgment against Defendants Corporal Wilson, Calvert County, State of Maryland, and A&A Gaming in an amount exceeding seventy-five thousand dollars ($75,000), plus interest; (b) the costs of this action; (c) in addition to any and all monetary damages available, Plaintiffs seek equitable preliminary and permanent injunctive relief to, *inter alia*, compel Calvert County and the State to (i) institute a meaningful, transparent and timely public process to review citizen complaints of excessive use of force, (ii) institute a formal, meaningful, transparent and timely process to investigate complaints of excessive force, (iii) monitor law enforcement officers accused of using excessive force, and (iv) institute a formal, transparent, public and swift discipline, retraining, reporting and monitoring structure for officers who are found to have used excessive force; (d) attorney's fees; (e) punitive damages in an amount to be determined at trial; and (f) such further relief as this Honorable Court deems just and proper under the circumstances.

24

## COUNT VII
### Malicious Prosecution
### (Plaintiffs v. Defendants Wilson, Calvert County, and State of Maryland)

107.    Plaintiffs Richard and Tamara Lehan hereby adopt and incorporate by reference all the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

108.    Defendants Wilson, Calvert County, and the State of Maryland improperly caused a criminal proceeding to be instituted and continued against Plaintiffs in the District Court for Calvert County.

109.    On March 23, 2019, Defendant Wilson arrested Mr. Lehan and Ms. Lehan and charged them both with second degree assault, disorderly conduct, failure to obey, and resisting or interfering with an arrest.

110.    Defendant Wilson arrested the Lehans and charged them despite lacking probable cause to do so and knowing full well that he lacked probable cause at the time he filed charges against them.

111.    As a direct and proximate result of Defendant Wilson's malicious prosecution, Mr. Lehan and Ms. Lehan were both taken into custody where they were booked, fingerprinted, photographed, and detained overnight and not released until the next day.

112.    Thereafter, Plaintiffs were released on their own recognizance to appear before the court for trial on the aforementioned charge.

113.    Trial for Mr. Lehan and Mrs. Lehan was set for July 24, 2019. Plaintiffs were both found not guilty as to all the charges, thereby terminating the prosecution in their favor. *State v. Tamara Wood Lehan*, Case No. D-041-CR-19-000636; *State v. Richard Kevin Lehan*, Case No. D-041-CR-19-000637.

114.    Defendants directed a prosecution on the basis of information that they knew to be false or withheld information which a reasonable person would realize might affect the decision to prosecute.

115.    Defendant Wilson acted with ill-will, actual malice, and without probable cause in causing the charges against Plaintiffs to be issued and in the prosecution of the case.

116.    As a direct and proximate result, Mr. Lehan suffered injuries and damages, including, but not limited to, the cost of his legal defense, physical damages, to include deviated septum, severe headaches, memory loss, a swollen lip, injured wrists, a torn bicep, and significant neurological issues, including post-concussion syndrome, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

117.    Ms. Lehan suffered injuries and damages including, but not limited to, costs of her legal defense, consciously experiencing pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and other emotional injuries, all to her detriment.

WHEREFORE, Plaintiffs Richard and Tamara Lehan demand the following relief: (a) judgment against Defendants Corporal Richard Wilson, Calvert County, and the State of Maryland in an amount exceeding seventy-five thousand dollars ($75,000), plus interest; (b) the costs of this action; (c) in addition to any and all monetary damages available, Plaintiffs seek equitable temporary, preliminary and permanent injunctive relief to, *inter alia*, compel the County and State to (i) institute a meaningful, transparent and timely public process to review citizen complaints of excessive use of force, (ii) institute a formal, meaningful, transparent and timely process to investigate complaints of excessive force, (iii) monitor law enforcement

26

officers accused of using excessive force, and (iv) institute a formal, transparent, public and swift discipline, retraining, reporting and monitoring structure for officers who are found to have used excessive force; (d) attorney's fees; (e) punitive damages in an amount to be determined at trial; and (f) such further relief as this Honorable Court deems just and proper under the circumstances.

<u>**COUNT VIII**</u>
**Negligent Training/Supervision/Retention**
**(Plaintiffs v. Defendants Calvert County and the State of Maryland)**

118.    Plaintiffs Richard and Tamara Lehan hereby adopt and incorporate by reference all the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

119.    Defendants Calvert County and the State of Maryland owed Plaintiffs a duty to train, supervise, and retain competent employees.

120.    Defendants Calvert County and the State of Maryland breached their duty to train, supervise, and retain competent employees.

121.    Specifically, Defendant Wilson's use of excessive force and violation of citizens' civil rights rendered him incompetent to provide law enforcement services. Defendant Wilson engaged in a pattern and practice of using excessive force against citizens, violating their rights, and treating them unfairly. Defendants Calvert County and the State of Maryland knew or should have known of Defendant Wilson's practice of doing so, but failed to investigate it and/or declined to supervise Defendant Wilson despite knowing or such a practice.

122.    Defendants Calvert County and the State of Maryland breached their duty to retain competent employees when they failed to terminate Defendant Wilson's employment based on his prior history of using excessive force.

123. Defendants Calvert County and the State of Maryland breached their duty to supervise when they were aware of Defendant Wilson's history of using excessive force yet failed to supervise him in a manner that would ensure his use of force was done in a manner consistent with the constitutional rights of the public.

124. This is not the first time Defendant Wilson has used excessive force in dealing with members of the community. In September 2018, Corporal Wilson pulled over another Calvert County resident, John Alvarado. Without provocation, warning, or cause, Corporal Wilson grabbed Mr. Alvarado by the head, smashed his head against the side of the patrol car, and shoved him in the backseat of the patrol vehicle. While Mr. Alvarado was handcuffed in the backseat, Corporal Wilson punched him three to five times in the face. The other deputy sheriff had to tell Corporal Wilson "that's enough" and physically pull him back for Corporal Wilson to stop the assault.

125. Defendants Calvert County and State of Maryland breached their duty to train when they negligently trained and/or failed to train Corporal Wilson about the use of force and how excessive force can result in physical and mental trauma.

126. Defendants Calvert County and State of Maryland knew or should have known of Defendant Wilson's propensity to violate citizens' civil rights and to use excessive force.

127. As a direct and proximate result, Mr. Lehan suffered physical damages, to include deviated septum, severe headaches, memory loss, a swollen lip, injured wrists, a torn bicep, and significant neurological issues, including post-concussion syndrome, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

28

128.   Ms. Lehan consciously experienced pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and other emotional injuries, all to her detriment.

WHEREFORE, Plaintiffs Richard and Tamara Lehan demand the following relief: (a) judgment against Defendants Calvert County and the State of Maryland in an amount exceeding seventy-five thousand dollars ($75,000), plus interest; (b) the costs of this action; (c) in addition to any and all monetary damages available, Plaintiffs seek equitable preliminary and permanent injunctive relief to, *inter alia*, compel Calvert County and the State to (i) institute a meaningful, transparent and timely public process to review citizen complaints of excessive use of force, (ii) institute a formal, meaningful, transparent and timely process to investigate complaints of excessive force, (iii) monitor law enforcement officers accused of using excessive force, and (iv) institute a formal, transparent, public and swift discipline, retraining, reporting and monitoring structure for officers who are found to have used excessive force; (d) attorney's fees; (e) punitive damages in an amount to be determined at trial; and (f) such further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT IX
### Negligent Training/Supervision/Retention
### (Plaintiffs v. Defendant A&A Gaming)

129.   Plaintiffs Richard and Tamara Lehan hereby adopt and incorporate by reference all the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

130.   Defendants A&A Gaming owed Plaintiffs a duty to train, supervise, and retain competent employees.

131.   Defendant A&A Gaming breached its duty to train, supervise, and retain competent employees. Defendant Wilson's use of excessive force, unlawful arrest, and violation of citizens' civil rights rendered him incompetent to provide security services at A&A Gaming.

132.   Specifically, Defendant Wilson's use of excessive force and violation of citizens' civil rights rendered him incompetent to provide law enforcement services. Defendant Wilson engaged in a pattern and practice of using excessive force against citizens, violating their rights, and treating them unfairly and unlawfully. Defendant A&A Gaming knew or should have known of Defendant Wilson's practice of doing so, but failed to investigate it and/or declined to supervise Defendant Wilson despite knowing of such a practice.

133.   Defendant Wilson had engaged in a pattern or practice of using excessive force against citizens, violating their civil rights, and treating them unfairly and unlawfully.

134.   Defendants A&A Gaming knew or should have known of Defendant Wilson's practice of doing so, but failed to investigate it and/or declined to fire Defendant Wilson despite knowing of such a practice.

135.   Defendants A&A Gaming had no meaningful supervision or monitoring procedures in place with regard to Defendant Wilson's employment.

136.   Defendants A&A Gaming knew or should have known of Defendant Wilson's propensity to violate citizens' civil rights and use excessive force.

137.   At all times relevant hereto, Defendant Wilson was engaged in the ultrahazardous activity of providing armed security services for A&A Gaming restaurant.

138.   Defendants A&A Gaming owed Plaintiffs a duty that was non-delegable with regard to the training, supervision, and retention of Defendant Wilson and other officers that it knew would be providing security services on its property and interacting with patrons.

139.    Defendant A&A Gaming breached its duty to train when they negligently trained and/or failed to train Corporal Wilson about how excessive force can result in physical and mental trauma and regarding interactions with patrons at Abner's.

140.    As a direct and proximate result, Mr. Lehan suffered physical damages, to include deviated septum, severe headaches, memory loss, a swollen lip, injured wrists, a torn bicep, and significant neurological issues, including post-concussion syndrome, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

141.    Ms. Lehan consciously experienced pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and other emotional injuries, all to her detriment.

WHEREFORE, Plaintiffs Richard and Tamara Lehan demand the following relief: (a) judgment against Defendant A&A Gaming in an amount exceeding seventy-five thousand dollars ($75,000), plus interest; (b) the costs of this action; (c) attorney's fees; (d) punitive damages in an amount to be determined at trial; and (e) such further relief as this Honorable Court deems just and proper under the circumstances.

### <u>COUNT X</u>
**Violation of Article 24 of the Maryland Declaration of Rights – Excessive Force (Plaintiff Richard Lehan v. Defendant Wilson, Calvert County, and State of Maryland)**

142.    Plaintiff Richard Lehan hereby adopt and incorporate by reference all the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

143.    Defendant Wilson used unreasonable, unnecessary, and excessive force in the treatment of Mr. Lehan, thereby injuring him as alleged in violation of his rights to due process

and to be free from the use of such excessive force as protected by Article 24 of the Maryland Declaration of Rights.

144. Defendant Wilson's actions were without provocation or legal justification and were undertaken deliberately and with the intent to violate Mr. Lehan's rights under Article 24 of the Maryland Declaration of Rights to be free from excessive force.

145. Mr. Lehan was not in any way aggressive towards Corporal Wilson and presented no danger to Corporal Wilson.

146. As a direct and proximate result, Mr. Lehan suffered physical damages, to include deviated septum, severe headaches, memory loss, a swollen lip, injured wrists, a torn bicep, and significant neurological issues, including post-concussion syndrome, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

147. At all times relevant hereto, Defendant Wilson acted with ill-will and malice.

148. In doing the foregoing acts, Defendant Wilson was acting as an agent of and within the scope of his employment with Calvert County and the State as a deputy sheriff.

149. Calvert County and the State of Maryland are vicariously liable for Defendant Wilson's violations of Mr. Lehan's rights under Article 24 of the Maryland Declaration of Rights.

WHEREFORE, Plaintiff Richard Lehan demands the following relief: (a) judgment against Defendants Richard Wilson, State of Maryland, and Calvert County, jointly and severally, in an amount exceeding seventy-five thousand dollars ($75,000), plus interest; (b) the costs of this action; (c) in addition to any and all monetary damages available, Plaintiffs seek equitable preliminary and permanent injunctive relief to, *inter alia*, compel the County and State

to (i) institute a meaningful, transparent and timely public process to review citizen complaints of excessive use of force, (ii) institute a formal, meaningful, transparent and timely process to investigate complaints of excessive force, (iii) monitor law enforcement officers accused of using excessive force, and (iv) institute a formal, transparent, public and swift discipline, retraining, reporting and monitoring structure for officers who are found to have used excessive force; (d) attorney's fees; (e) punitive damages in an amount to be determined at trial; and (f) such further relief as this Honorable Court deems just and proper under the circumstances.

**COUNT XI**
**Violation of Article 26 of the Maryland Declaration of Rights –**
**Excessive Force and Deprivation of Liberty**
**(Plaintiffs v. Defendants Wilson, Calvert County, and the State of Maryland)**

150.   Plaintiffs Richard and Tamara Lehan hereby adopt and incorporate by reference all the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

151.   By the actions detailed above, Defendant Wilson deprived Plaintiffs Mr. Lehan and Ms. Lehan of their rights under Article 26 of the Maryland Declaration of Rights, including, but not limited to, freedom from unlawful search or seizure, loss of liberty, and the right to bodily integrity.

152.   Defendant Wilson's actions were without provocation or legal justification and were undertaken deliberately and with the intent to violate Plaintiffs' rights under Article 26 of the Maryland Declaration of Rights.

153.   Defendant Wilson seized Mr. Lehan and utilized unlawful and excessive force when he repeatedly punched Mr. Lehan in the face and arrested him. Defendant seized Ms. Lehan and unlawfully arrested her.

154.    As a direct and proximate result, Mr. Lehan suffered physical damages, to include deviated septum, severe headaches, memory loss, a swollen lip, injured wrists, a torn bicep, and significant neurological issues, including post-concussion syndrome, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

155.    Ms. Lehan consciously experienced pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and other emotional injuries, all to her detriment.

156.    At all times relevant hereto, Defendant Wilson acted with ill-will and malice.

157.    In doing the foregoing acts, Defendant Wilson was acting as an agent of and within the scope of his employment with Calvert County and the State as a deputy sheriff.

158.    Calvert County and the State of Maryland are vicariously liable for Defendant Wilson's violations of Mr. Lehan and Ms. Lehan's rights under Article 26 of the Maryland Declaration of Rights.

WHEREFORE, Plaintiffs Richard and Tamara Lehan demand the following relief: (a) judgment against Defendants Richard Wilson, State of Maryland and Calvert County, jointly and severally, in an amount exceeding seventy-five thousand dollars ($75,000), plus interest; (b) the costs of this action; (c) in addition to any and all monetary damages available, Plaintiffs seek equitable temporary, preliminary and permanent injunctive relief to, *inter alia*, compel the County and State to (i) institute a meaningful, transparent and timely public process to review citizen complaints of excessive use of force, (ii) institute a formal, meaningful, transparent and timely process to investigate complaints of excessive force, (iii) monitor law enforcement officers accused of using excessive force, and (iv) institute a formal, transparent, public and swift

discipline, retraining, reporting and monitoring structure for officers who are found to have used excessive force; (d) attorney's fees; (e) punitive damages in an amount to be determined at trial; and (f) such further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT XII
**Unlawful Pattern and Practice of Violating the Maryland Declaration of Rights**
**(Plaintiffs v. Defendants Calvert County and the State of Maryland)**

159.    Plaintiffs Richard and Tamara Lehan hereby adopt and incorporate by reference all the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

160.    Defendants' conduct, including the deprivation of constitutional rights, represents not a single, isolated, accidental, or peculiar event, but occurred in the regular procedures followed by Calvert County and the State of Maryland and constituted a pattern or practice of such conduct.

161.    Defendants Calvert County and the State of Maryland adopted customs, practices, and procedures of inaction when deputies used excessive force in a manner that violated the constitutional rights of the public. For example, despite Wilson's past actions of using excessive force, Defendant Wilson remained a sworn officer.

162.    Prior to the date of this incident, Defendants Calvert County and the State of Maryland permitted and tolerated a pattern or practice of unjustified, unreasonable, and illegal excessive force and brutality.

163.    Moreover, Defendants Calvert County and State of Maryland failed to properly train, supervise, and discipline its officers, including, but not limited to, Defendant Wilson, in the proper constitutional use of force.

35

164.    The failure to properly train, supervise, and discipline its officers demonstrates a gross disregard for the constitutional rights of the public and the Plaintiffs, and was the proximate cause of Plaintiffs' injuries.

165.    As a result, Calvert County deputy sheriffs have been caused and encouraged to believe that excessive force and unlawful arrests could be used and that it would be permitted without reproach.

166.    Defendants Calvert County and the State of Maryland should have foreseen that such a policy would promote the use of illegal, unconstitutional, and excessive force, where such force is unreasonable.

167.    Defendant Calvert County and the State of Maryland instituted and maintained formal and informal customs, policies, and practices that foster, promote, and encourage officers to violate the rights of citizens.

168.    Violations of citizens' constitutional rights occur so frequently that it has become an accepted manner by Corporal Wilson and other employees of the Calvert County Sheriff's Office. This is a result of Calvert County and the State of Maryland's failure to establish effective procedures, rules, orders, guidelines, and practices to ensure that such violations do not occur and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred. As a result of this failure, there has been a regular pattern and practice of conduct similar to that complained of here. This pattern and practice has been manifested in other prior incidents involving officers and employees of the Calvert County Sheriff's Office.

169.     Upon information and belief, Defendant Calvert County lacks an effective internal affairs procedure in its sheriff's office and has no meaningful system to control and monitor its officers and employees who have a pattern or history of unlawful behavior.

170.     Defendants Calvert County and the State of Maryland failed and refused to take even elementary steps to protect citizens from the type of abuses detailed above.

171.     The policies and customs of the Calvert County Sheriff's Office, as set forth herein, demonstrate a gross disregard for the constitutional and other rights of the public and the Lehans.  At the time of the occurrence alleged in this Complaint, Defendant Wilson was operating under unconstitutional customs, policies, and procedures of the Calvert County Sheriff's Office.  These customs, policies, and procedures were a proximate cause of the Lehans' injuries.

172.     As a proximate result of the aforesaid acts, omissions, systemic flaws, policies, and customs of Calvert County and the State of Maryland, Defendant Wilson deprived the Lehans of their rights under the Maryland Declaration of Rights as detailed above.

WHEREFORE, Plaintiffs Richard and Tamara Lehan demand the following relief: (a) judgment against Defendants Calvert County and the State of Maryland, jointly and severally, in an amount exceeding seventy-five thousand dollars ($75,000), plus interest; (b) the costs of this action; (c) in addition to any and all monetary damages available, Plaintiffs seek equitable temporary, preliminary and permanent injunctive relief to, *inter alia*, compel the County and State to (i) institute a meaningful, transparent and timely public process to review citizen complaints of excessive use of force, (ii) institute a formal, meaningful, transparent and timely process to investigate complaints of excessive force, (iii) monitor law enforcement officers accused of using excessive force, and (iv) institute a formal, transparent, public and swift

discipline, retraining, reporting and monitoring structure for officers who are found to have used excessive force; (d) attorney's fees; (e) punitive damages in an amount to be determined at trial; and (f) such further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT XIII
### Intentional Infliction of Emotional Distress
### (Plaintiffs v. All Defendants)

173.    Plaintiffs hereby adopt and incorporate by reference all the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

174.    While Mr. Lehan was speaking with Detective Mudd in preparation to leave, Corporal Wilson lunged forward towards Mr. Lehan, pushed past Detective Mudd, and grabbed Mr. Lehan. Corporal Wilson began punching Mr. Lehan repeatedly in the face. Corporal Wilson pushed Mr. Lehan to the ground, where he continued to punch him in the face and upper body.

175.    Ms. Lehan made every effort to try to stop Defendant Wilson from attacking her husband.

176.    After Detective Mudd led Mr. Lehan out of Abner's, Corporal Wilson handcuffed Ms. Lehan, led her out of Abner's, and arrested both her and her husband.

177.    The Lehans were both held overnight at Calvert County Detention Center and were not released until the next day.

178.    Defendant's conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiffs.

179.    The aforesaid conduct by Defendant's agents was extreme and outrageous and beyond the bounds of decency in society. Defendant Wilson's violent battery, use of excessive

force, and false arrest were extreme and outrageous, without legal justification, and were undertaken deliberately and with actual malice.

180.    Corporal Wilson knew or should have known that using excessive force and unlawfully arresting a couple who were not engaged in any unlawful conduct constituted behavior so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and constituted behavior intolerable in a civilized community.

181.    As a direct and proximate result, Mr. Lehan suffered physical damages, to include deviated septum, severe headaches, memory loss, a swollen lip, injured wrists, a torn bicep, and significant neurological issues, including post-concussion syndrome, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

182.    Ms. Lehan consciously experienced pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and other emotional injuries, all to her detriment.

183.    At all times relevant hereto, Defendant Wilson acted with ill-will and actual malice.

184.    In doing the foregoing acts, Defendant Wilson was acting in his official capacity as a Calvert County Deputy Sheriff and, simultaneously, acting within the scope of his employment with A&A Gaming.

WHEREFORE, Plaintiffs Richard and Tamara Lehan demand the following relief: (a) judgment against Defendants Corporal Richard Wilson, Calvert County, State of Maryland, and A&A Gaming, LLC in an amount exceeding seventy-five thousand dollars ($75,000), plus interest; (b) the costs of this action; (c) in addition to any and all monetary damages available,

Plaintiffs seek equitable temporary, preliminary and permanent injunctive relief to, *inter alia*, compel the County to (i) institute a meaningful, transparent and timely public process to review citizen complaints of excessive use of force, (ii) institute a formal, meaningful, transparent and timely process to investigate complaints of excessive force, (iii) monitor law enforcement officers accused of using excessive force, and (iv) institute a formal, transparent, public and swift discipline, retraining, reporting and monitoring structure for officers who are found to have used excessive force; (d) attorney's fees; (e) punitive damages in an amount to be determined at trial; and (f) such further relief as this Honorable Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a jury triable as to all counts so triable.

Respectfully submitted,

JOSEPH, GREENWALD, AND LAAKE, P.A.

 /s/ Alyse L. Prawde
Timothy F. Maloney (Fed. Bar ID #03381)
Alyse L. Prawde (Fed. Bar ID #14676)
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
Phone: (301) 220-2200
Fax: (240) 553-1761
tmaloney@jgllaw.com
aprawde@jgllaw.com
*Counsel for Plaintiffs*