IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| RICHARD LEHAN, *et al.*, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-21-362 |
| DEPUTY SHERIFF RICHARD S. WILSON, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiffs Richard and Tamara Lehan filed a thirteen-count Complaint against Defendants Deputy Sheriff Richard S. Wilson ("Corporal Wilson"), in his official and individual capacity, the Calvert County Board of County Commissioners ("Calvert County"), the State of Maryland, and A&A Gaming, LLC, alleging various tort claims, constitutional violations under 42 U.S.C. § 1983, and violations of Articles 24 and 26 of the Maryland Declaration of Rights. ECF No. 1. This Court dismissed the State of Maryland from the action; dismissed all counts against A&A Gaming except Count V, battery, and Count VI, false arrest; and dismissed all counts against Calvert County except Count X, Violation of Article 24 of the Maryland Declaration of Rights, and Count XI, Violation of Article 26 of the Maryland Declaration of Rights, ECF No. 27, which were not challenged.[1] Pending before the Court is Defendant Calvert County's Motion for

---

[1] Defendant Calvert County asserts that their Motion to Dismiss also sought dismissal of these two counts. ECF No. 29 at 1.

Reconsideration, ECF No. 29.[2] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendant Calvert County's motion is granted.

I.     BACKGROUND

The Court discussed the full background of this case in its previous Memorandum Opinion, ECF No. 26, and will not reiterate that background here. The Court only states the procedural background as relevant to the instant motion.

On February 12, 2021, Plaintiffs filed their Complaint seeking redress for injuries purportedly inflicted by Defendant Corporal Wilson, in his official and individual capacities as an agent of Calvert County and the State of Maryland. Plaintiffs also asserted that at the time of the incident, on March 23, 2019, Defendant Corporal Wilson was also acting within the scope of his employment and as an agent of A&A Gaming. ECF No. 1 at 4.[3] Defendant Calvert County moved to dismiss the complaint. ECF No. 8.

On March 8, 2022, this Court granted Calvert County's Motion to Dismiss with the exception of Count X, Violation of Article 24 of the Maryland Declaration of Rights, and Count XI, Violation of Article 26 of the Maryland Declaration of Rights, based on the Court's determination that Defendant Calvert County had not moved to dismiss those counts. ECF No. 27 at 1. Subsequently, on March 14, 2022, Calvert County filed a Motion to Reconsider, seeking the Court to reconsider its Order because "though perhaps inartfully plead, [Calvert County] moved for the dismissal of Counts X and XI because it sought the dismissal of all claims [] in the Complaint." ECF No. 29-1 at 1.

---

[2] Also pending before the Court is Calvert County's Motion for Extension of Time to File Reply to the Opposition to its Motion, ECF No. 35, which is granted.
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) provides that "'any order or other decision' that 'adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time' before entry of a final judgment." *Hulbert v. Pope,* No. CV SAG-18-00461, 2021 WL 4640668, at *1 (D. Md. Oct. 6, 2021). In this Court, motions for reconsideration must be filed within fourteen days after the Court enters the order.[4] Loc. R. 105.10.

While the Fourth Circuit has not clarified the precise standard applicable to motions for reconsideration, it has stated that motions for reconsideration "are not subject to the strict standards applicable to motions for reconsideration of a final judgment" under Rules 59(e) and 60(b). *Hulbert*, 2021 WL 4640668, at *2 (quoting *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018)). However, courts in this district "frequently look to the standards used to adjudicate Rule 59(e) and 60(b) motions for guidance when considering Rule 54(b) motions for reconsideration." *Id.* A motion to reconsider is not a license to reargue the merits or present new evidence. Ultimately, the decision to reconsider interlocutory orders rests in the broad discretion of the Court. *Id.*

## III.  DISCUSSION

Defendant Calvert County moves for this Court to reconsider its Order and grant dismissal on Count X and XI. A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). "A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls." *Cummings v. Nat'l Lab. Rels. Bd.*, No. CV RDB-16-0216, 2016

---

[4] Defendant's motion was filed six days after the Court's Order and was therefore timely.

WL 6124677, at *2 (D. Md. Oct. 19, 2016), *aff'd*, 678 F. App'x 101 (4th Cir. 2017) (citing Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992)). Calvert County filed their motion for reconsideration six days after this Court's Order. The Court thus evaluates Calvert County's Motion using Rule 59(e).

The United States Court of Appeals for the Fourth Circuit "has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Cummings*, 2016 WL 6124677, at *2. "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (citations omitted).

Calvert County argues it would be manifestly unjust to require the County to defend Counts X and XI. ECF No. 29-1 at 3. Count X is an excessive force claim under Article 24 of the Maryland Declaration of Rights. Count XI is an excessive force and deprivation of liberty claim under Article 26 of the Maryland Declaration of Rights. ECF No. 1 at 31, 33. First, Calvert County argues that they moved for dismissal of the Complaint in its entirety. *See* ECF No. 29-1 at 3. Second, they argue that this Court has already stated that Corporal Wilson is an agent of the State, not the County, and thus Counts X and XI cannot stand as they allege only vicarious liability on behalf of the County. *Id.* This Court agrees.

In its Memorandum Opinion, the Court noted that Calvert County was correct in its assertion that "as a matter of Maryland law, county sheriffs and deputy sheriffs are officials and/or employees of the State, not the County." ECF No. 26 at 13 n.7. *See Collington v. Md.*, No. GJH-20-966, 2021 WL 3172275, at *17 (D. Md. July 26, 2021) (noting that "the individual Law

Enforcement Defendants whose conduct is at issue are not agents of the county but rather are agents of the state."); *see also* Md. Code Ann., State Gov't § 12-101(a)(6) (defining "State personnel" to include "a sheriff or deputy of a county"); *Willey v. Ward*, 197 F. Supp. 2d 384, 387–88 (D. Md. 2002) ("[A]s a matter of Maryland law, the Sheriff and Deputy Sheriffs of [a Maryland County] are officials and/or employees of the State of Maryland rather than of [the] County." (alterations in original) (internal quotation omitted). Thus, Plaintiffs cannot maintain these claims against Calvert County as Defendant Corporal Wilson is an agent of the State, not the County. *See also Drewry v. Stevenson*, No. CIV. WDQ-09-2340, 2010 WL 93268, at *2–3 (D. Md. Jan. 6, 2010) (denying Plaintiffs claims against Frederick County because the sheriff was an agent of the state not the county); *Rossignol v. Voorhaar*, 321 F. Supp. 2d 642, 650 (D. Md. 2004) (concluding that the county sheriff and his deputies are state officials when acting in law enforcement capacity); *Purnell v. Converse*, No. 1:21-CV-3202-JMC, 2022 WL 17552552, at *10 (D. Md. Dec. 9, 2022) (same).

Furthermore, the Supreme Court established in *Monell* that "there is no § 1983 liability for local governments under the theory of respondeat superior." *Rossignol*, 321 F. Supp. 2d at 650. Such § 1983 claims under the Fourth and Fourteenth Amendments are "in pari materia" with Articles 24 and 26 of the Maryland Declaration of Rights. *Purnell*, 2022 WL 17552552, at *10; *Drewry*, 2010 WL 93268, at *2–3. Plaintiffs cannot therefore maintain a claim against Calvert County based on respondeat superior. To the extent Plaintiff is attempting to hold the County liable based on custom, practice, or policy, they must show that the county or Corporal Wilson was "the final policymaker for the local government in a particular area or on a particular issue." *Purnell*, 2022 WL 17552552, at *6. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

represent official policy, inflicts the injury that the government is responsible under § 1983." *Rossignol*, 321 F. Supp. 2d at 650. *See also Santos v. Frederick Cnty. Bd. of Comm'rs*, 346 F. Supp. 3d 792, 793 (Md. 2018) ("municipalities may be held liable for constitutional violations committed by their employees or agents when an official custom, policy, or practice of the municipality, or the decision of a final policymaker for the municipality, is responsible for causing the deprivation."). This Court has already dismissed Plaintiffs claims against the County for custom, policy, or practice in violation of § 1983. *See* ECF No. 26 at 11–17. The Court has also dismissed claims against Calvert County for failure to train, supervise or discipline. *Id.* at 18–19. Accordingly, this Court finds that it would be manifestly unjust to require the County to defend two futile claims. Thus, the Court grants Defendant Calvert County's motion for reconsideration and dismisses Counts X and XI against it.

### IV.    CONCLUSION

For the foregoing reasons, Defendant Calvert County's Motion is granted. A separate Order follows.


Date: <u>January 11, 2023</u>              ____/s/_____
                                           GEORGE J. HAZEL
                                           United States District Judge