IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD LEHAN ET AL.,     *

    Plaintiffs,     *

v.     *

    *     Civil No. 21-0362-BAH

DEPUTY SHERIFF RICHARD WILSON
ET AL.,     *

    Defendants.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM & ORDER**

This matter comes before the Court on third-party Scottsdale Insurance Company's ("Scottsdale") motion to intervene. ECF 88. Defendant A&A Gaming, LLC ("A&A") has filed an opposition, ECF 99, and Scottsdale has filed a reply, ECF 103. All filings include memoranda of law while Scottsdale's motion includes exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Scottsdale's Motion is **GRANTED**.

I. **BACKGROUND & ANALYSIS**

The underlying facts of this litigation are set out at length in the Court's memorandum opinion at ECF 100. The Court assumes the parties' familiarity with these facts and so does not repeat them here.

With respect to the facts relevant to the current motion, Scottsdale is "the liability insurance carrier" for Defendant A&A and agreed to defend A&A in the lawsuit, subject to a reservation of

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

its rights under the policy agreement executed with A&A ("the Policy"). ECF 88-1, at 4–5. Though it continues to "provide A&A with a defense," Scottsdale notes, it has "notified A&A that Count V [of Plaintiffs' complaint] [Battery] is not a covered claim under the Policy." *Id.* at 5. Further, Scottsdale has "reserved its right to deny coverage for Count VI, False Arrest, based on potentially applicable Policy provisions, endorsements, and/or exclusions." *Id.* Finally, Scottsdale has "advised A&A that punitive damages," which Plaintiffs seek, "are expressly excluded under the Policy." *Id.* Scottsdale therefore seeks to "intervene for the limited purpose of propounding special jury interrogatories, which would ask the jury to make a liability and damages determination as to each remaining count of the complaint as against A&A" and intends that "[s]uch a verdict form will inform the parties as to the availability of insurance coverage available to A&A under the relevant Scottsdale insurance policy." *Id.* at 4. The proposed interrogatories are:

> 1. What is the amount of damages for which Defendant A&A Gaming, LLC ("A&A") is responsible to Plaintiff Richard Lehan ("R. Lehan") for battery, not inclusive of any punitive damages?
> 2. What is the amount of damages for which A&A is responsible to R. Lehan for false arrest, not inclusive of any punitive damages?
> 3. What is the amount of damages for which A&A is responsible to Plaintiff Tamara Lehan ("T. Lehan") for false arrest, not inclusive of any punitive damages?
> 4. What is the amount of punitive damage for which A&A is responsible to R. Lehan?
> 5. What is the amount of punitive damage for which A&A is responsible to T. Lehan?

ECF 88-5, at 1. Scottsdale seeks to intervene permissively or, in the alternative, as of right. ECF 88-1, at 7.

Federal Rule of Civil Procedure 24(a)(2) authorizes a party to intervene by right upon a showing that the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that

interest." Rule 24(b), meanwhile, allows for permissive intervention where a party timely moves to intervene and "has a claim or defense that shares with the main action a common question of law or fact." The Court notes that the Fourth Circuit generally favors allowing parties to intervene. *See Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (noting that "liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process . . . .").

### A.    Intervention under Rule 24(a)(2)

A party may intervene as of right under Federal Rule of Civil Procedure 24(a)(2) if it can show: "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991)). Further, "[a] party seeking to intervene under either Federal Rule of Civil Procedure 24(a) or 24(b) may do so only upon the filing of a timely motion." *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014) (internal quotation marks omitted).

#### 1.    Timeliness

A&A argues principally that the Court should find Scottsdale's motion untimely. In determining whether a motion to intervene is timely, a district court is to weigh three factors: "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt*, 758 F.3d at 591 (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989)). "District courts are accorded broad discretion in deciding the timeliness of a motion to intervene after assessing all the relevant circumstances." *Scott v. Bond*, 734 F. App'x 188, 191 (4th Cir. 2018) (citing *NAACP v. New York*, 413 U.S. 345, 365–66 (1973)).

3

A&A argues that Scottsdale improperly filed its motion to intervene "four years into this litigation, after the close of discovery and during the pendency of the parties' respective summary judgment briefings, and on the eve of trial." ECF 99, at 7–8. Moreover, A&A argues, Scottsdale "has not offered a single 'reason for delay,'" one factor district courts may look to in assessing timeliness. *Id.* at 8 (citing *Bassett Seamless Guttering, Inc. v. GutterGuard, LLC*, No. 105CV00184, 2007 WL 2079718, at *2 (M.D.N.C. July 13, 2007)). Scottsdale responds that its motion is timely because the trial was "months" away at the time of filing and it seeks to intervene only as to "suggesting jury interrogatories at trial," supporting its argument by citing to a prior determination of the Fourth Circuit that the "[m]ere passage of time is but one factor to be considered in light of all the circumstances." ECF 103, at 3 (quoting *Hill v. W. Elec. Co.*, 672 F.2d 381, 386 (4th Cir. 1982)).

Though it is true that four years have elapsed since this action was originally filed, Scottsdale adequately explains that it has filed its motion at this stage in the litigation because it seeks to intervene specifically with respect to jury interrogatories and because the start of trial, when such interrogatories will be propounded, is only now nearing. ECF 88-1, at 7. While it is conceivable that Scottsdale could have filed this motion at an earlier stage in the litigation, such a move could have rendered it a "superfluous spectator" whose interests would not be implicated for several years. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 n.15 (1977); *c.f. Gould*, 888 F.2d at 286 (noting that, unlike the intervenors in *McDonald*, the *Gould* intervenors had failed to "contend that intervention at an earlier point would have served no purpose"). Because Scottsdale seeks intervention only on a matter that will arise at trial, and because it filed its March 25, 2025 motion to intervene well in advance of the scheduled trial start date of June 9, 2025, the Court shall consider its motion timely in consideration of the first and third factors.

A&A also challenges the timeliness of Scottsdale's motion as to the second factor, risk of prejudicial delay to the parties, arguing that the intervention sought would result in "confusion to the jury" and thus a potential delay in resolving the suit. ECF 99, at 11. A&A contends that the interrogatories implicate questions of insurance coverage and thereby risk moving the jury's focus away from "issues of liability" alone. *Id.* at 9. Scottsdale counters A&A's arguments by noting that its proposed interrogatories "plainly seek nothing more than clarity as to what counts, if any, the jury finds liability and what damages are assessed for those counts." ECF 103, at 7. It expressly denies that any "insurance coverage questions are propounded" and that it is asking the jury to undertake any kind of novel coverage analysis. *Id.*

In another, factually similar case in this circuit, Judge Osteen of the Middle District of North Carolina determined that an insurer's proposed interrogatories would prejudicially "confuse the jury with unrelated issues" where the interrogatories involved questions of whether the relevant "insurance coverage would [ ] extend to this type of lawsuit[.]" *Bassett Seamless Guttering*, 2007 WL 2079718, at *2. These interrogatories effectively represented litigation of the issue of coverage and therefore required Defendants to "engage in further discovery" in order to defend against the insurer's claims. *Id.* Here, the interrogatories proposed by Scottsdale do not operate in the same way. On plain reading, they only seek to clarify questions of what damages A&A is responsible to the Plaintiffs for, questions that are already implicated in the underlying litigation. *See* ECF 88-5, at 1. The Court therefore determines that Scottsdale's proposed interrogatories are limited in scope, do not require any additional action, do not risk further delay in the course of the litigation, and are therefore not prejudicial to A&A. As such, the Court considers the motion to intervene timely filed with respect to the second factor articulated in *Alt*, 758 F.3d at 591, as well as the first and third.

2. <u>Satisfaction of the *Stuart* factors</u>

In addition to arguing that the motion is not timely, A&A also contends that Scottsdale cannot sufficiently show it has met the *Stuart* factors for intervention as of right under Rule 24(a)(2).[2] Specifically, A&A asserts that Scottsdale lacks a "direct and substantial" interest in the dispute and that its interests are already "adequately represented in this litigation." ECF 99, at 13. A&A takes the position that because any interest Scottsdale has is contingent on a hypothetical judgment against A&A, it does not have a right to intervene. *Id.* at 14. Scottsdale replies that "even a contingent interest based on the outcome of litigation is sufficient under Fourth Circuit precedent." ECF 103, at 9.

The Court agrees with Scottsdale. Other judges in the District of Maryland have expressly held that an insurer's contingent interest in the outcome of litigation is "a significantly protectable interest" for Rule 24(a)(2) purposes. *Hauser v. Powell*, Civ. No. 17-3844-MC, 2019 WL 12317724, at *2 (D. Md. Apr. 3, 2019); *see also Harris-Reese v. United States*, Civ. No. 19-1971-TDC, 2021 WL 3887707, at *3 (D. Md. Aug. 31, 2021) (determining that an insurer had a "protectable interest" that would be "impaired by the denial of intervention" even where it did not presently have an obligation to indemnify); *Teague*, 931 F.2d at 261 (finding that though intervenors' interest in the case was contingent on other pending litigation, intervenors could intervene by right where they stood "to gain or lose" by the resolution of the case). Here, the disposition of the case and the question of damages directly implicates the duties owed or not owed to A&A by Scottsdale under the Policy, and how it "evaluate[s]" such rights and obligations. ECF 103, at 10. Therefore, Scottsdale holds a legally protectable financial interest in this matter. *See*

---

[2] To reiterate, these are: "1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Stuart*, 706 F.3d at 349.

*Hauser*, 2019 WL 12317724, at *2. Further, this interest is distinct from A&A's interest, which is, as it notes, "to succeed at trial," ECF 99, at 14; while Scottsdale may also share this same interest, it does not overlap with Scottsdale's interest in obtaining a clear evaluation of its duties under the Policy. Accordingly, the Court finds all three *Stuart* factors satisfied and determines that Scottsdale may intervene as of right.

### B.  Intervention under Rule 24(b)

Though the Court determines that Scottsdale may intervene as of right under Rule 24(a)(2), it also evaluates for the sake of clarity whether permissive intervention under Rule 24(b) is also available. *See Stuart*, 706 F.3d at 349 ("If intervention of right is not warranted, a court may still allow an applicant to intervene permissively under Rule 24(b) . . . ."). Trial courts consider four conditions in evaluating a motion to intervene under Rule 24(b): "(1) that [the] intervenor's motion is 'timely'; (2) that its 'claim or defense and the main action have a question of law or fact in common'; (3) that there exists an independent ground of subject matter jurisdiction; and, (4) 'intervention will [not] unduly delay or prejudice the adjudication of the rights of the original parties.'" *Md. Restorative Just. Initiative v. Hogan*, 316 F.R.D. 106, 112 (D. Md. 2016) (quoting *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386, 387 (D. Md. 2004)) (alterations in *Md. Restorative Just.*).

A&A does not challenge either the second or the third considerations but disputes that the motion was filed in a timely fashion for Rule 24(b) purposes, making the same argument with respect to both Rule 24(b) and Rule 24(a)(2). ECF 99, at 6. As discussed above, however, the Court concludes that the motion was timely filed in light of Scottsdale's aim to propose jury interrogatories ahead of trial. The Court has also determined that the motion is "timely" in that it does not disrupt the resolution of the case nor risk prejudicial delay to A&A. Accordingly, the

Court finds that the timeliness consideration under Rule 24(b) is satisfied as it is under Rule 24(a)(2).

A&A argues further that it would be generally prejudiced by Scottsdale's intervention, as intervening would impinge on Scottsdale's ability to "zealously represent A&A[.]" ECF 99, at 12. A&A contends that its Scottsdale-provided defense counsel "will be forced to consider the interests of the Insurer[,] possibly at the expense of the interests of A&A[.]" *Id.* Scottsdale avers in reply that no conflict of interest will be generated if it is permitted to intervene, as it is not attempting to "assert claims or litigate coverage questions" but only "seeks the opportunity to propose clear jury interrogatories." ECF 103, at 9.

A review of similar cases involving an insurer's motion to intervene on the issue of jury interrogatories indicates that district courts tend to find conflicts of interest, and thus prejudice, in instances where the insurer's intervention has larger repercussions for the insured defendant. *See, e.g., High Plains Co-op. Ass'n v. Mel Jarvis Const. Co.*, 137 F.R.D. 285, 289–90 (D. Neb. 1991) (finding intervention unwarranted where the insurer appeared to be trying to recast the action as one for negligence, which was not covered by the policy, rather than breach of contract, which was covered and which conformed with the cause of action articulated in the complaint); *Nieto v. Kapoor*, 61 F. Supp. 2d 1177, 1195 (D.N.M. 1999), *aff'd*, 268 F.3d 1208 (10th Cir. 2001) (denying an insurer's motion to intervene to propound jury interrogatories where the insurer was "interfer[ing] with [the insured's] defense"). By contrast, courts typically permit insurers to intervene in the exact circumstances here, namely, "for the limited purpose of proposing interrogatories to the court for submission to the jury." *Restor-A-Dent Dental Lab'ys, Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 877 (2d Cir. 1984); *see also Bell v. City of York, Alabama*, No. 7:09-CV-0694, 2010 WL 11613985, at *4 (N.D. Ala. Sept. 27, 2010) (determining

8

that allowing an insurer "to intervene for the limited purpose of proposing special interrogatories" would "not create a conflict of interest, confuse the jury, or somehow prejudice [the insured's] right to defend his entitlement to insurance coverage"). Ultimately, the matter is one for the Court's discretion, and here the Court finds that allowing Scottsdale to intervene for the limited purpose of merely proposing suggested interrogatories does not prejudice A&A, nor any other party to the action.

## II.   CONCLUSION

The Court stresses that the above rationale does not mean that any of the interrogatories Scottsdale puts forth will be accepted. Rather, the Court has determined only that Scottsdale may intervene solely for the limited purpose of proposing interrogatories the Court may later consider.

For the foregoing reasons, Scottsdale's motion to intervene is **GRANTED**.

Dated: May 7, 2025

/s/
Brendan A. Hurson
United States District Judge